UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALICIA DOMINGUEZ, on her own behalf and on behalf of those similarly situated,**
  Plaintiff,
vs.

**TRUE HELP SERVICES, INC.**, a Florida Profit Corporation,
  Defendant.
_____/

Case No. 6:18-cv-01656-Orl-ADTBS

**DEFENDANT'S MOTION FOR JOINDER OF INDISPENSABLE PARTY PURSUANT TO RULE 19 Fed. R. Civ. Proc.**

**DEFENDANT**, **True Help Services, Inc**., (henceforth "True Help") by and through the undersigned counsel and hereby moves this Court for entry of an Order directing the joinder of the Florida Agency for Health Care Administration ("AHCA") as an indispensable party to this action, on the following grounds:

**I.  SUMMARY OF ARGUMENT**

The Defendant, True Help, is a Florida for profit corporation engaged in providing health care services in the state of Florida. It has been sued in this action under the premise the plaintiff is entitled to compensation under the Federal Labor Standard Act ("FLSA").  In contrast, the record will show that the services rendered by the plaintiff are the product of funds allocated by AHCA for developmentally disabled Floridians. The compensation paid for these services is statutorily established and limited by the Florida Health Department authorities, and the

1

defendant merely served as a conduit to the said agency.

The funds allocated for each developmentally disabled recipient are established by the AHCA based on its evaluation of each recipient's needs. Under Florida law the defendant cannot deviate from the mandatory and published fees. Any deviation from the established fees can only be authorized by AHCA. Thus, any additional compensation awarded to the plaintiff falls beyond the legal authority of the defendant.  In fact, any attempt to bill and pay fees beyond what is budgeted and allocated by the state Agency, is tantamount to Medicaid Fraud.

Accordingly, True Help submits that under Rule 19 of the Federal Rules of Civil Procedure, the Florida Agency for Health Care Administration is an Indispensable Party to this action.  It is the Defendant's position that the absence of such party would materially reduce the likely-hood that the Court can provide justice for those already part of this litigation and may be detrimental to those non-party themselves.

## II ARGUMENT

### 1.   Factual Background:

True Help is a Florida for-profit corporation engaged in providing home health care services to disabled persons within the State of Florida.  In addition to the direct health care services provided, True Help is also authorized to act in a representative capacity as an agent of the Florida Agency for Health Care Administration (**AHCA**), specifically the Florida Agency for Disabled Persons ("APD").

Because the authority to provide medicaid benefits in the state of Florida is solely vested in the state health care agency, certain medicaid programs require written authorization by the said Agency to delegate its authority to private entities to provide certain services to medicaid recipients. One of these Medicaid programs is known as the **Florida Medicaid's Waiver Development Disabilities Program.** This program is authorized under section 1915© of the Social Security Act and governed by Title 42 CFR, Parts 440 and 441. The Budget Waiver program provides home and community-based support and services to eligible persons with developmental disabilities living at home or in home-like settings.

The Agency for Persons with Disabilities("APD") is responsible for the day-to-day operation of the Budget Waiver Program. The system utilized by APD in allocating a budget for each recipient is based on the specific needs of each recipient, memorialized in a written service authorization. The service authorizations include the total amount of units or dollar amount for which the service authorization is approved, the duration, frequency, intensity and scope. The Waiver services that are approved by APD are unique to each developmentally disabled recipient and are spelled out in the recipient's approved cost plan.

Because of the considerable volume of eligible recipients in the state of Florida, APD contracts business organizations to provide waiver services, and True Help serves the APD as one of those Agencies. To become empowered to serve as an "Agency" providing waiver services, True Help must have written authorization

from the APD which is memorialized in an instrument entitled "Medicaid Waiver Services Agreement." A copy of the said agreement is attached hereto as **Exhibit A** and incorporated by reference herein. Under the agreement, True Help is legally bound to fully comply with the Medicaid Provider Handbook, including the total amount of units, or dollar amounts, for which each recipient is approved.

True Help in turn, subcontracts with providers, such as the plaintiff, to provide waiver services to certain disabled individual. Each subcontractor, including the plaintiff, must also be certified by APD to provide the services to the developmentally disabled recipients. These are the circumstances under which the plaintiff was contracted by True Help to provide personal support, respite care, life skill Development Level 1 Companion, Level 2, supported living coaching and personal care services. The plaintiff was contracted by virtue of a Service Agreement by and between True Help Services, Inc., and the plaintiff, Alicia Dominguez. A copy of the agreement is attached hereto as **Exhibit B** and incorporated by reference herein.

The agreement between the parties to this action is quite clear in that the plaintiff agreed to be bound by the 2015-2016 independent contractor Fee schedule, which limits the compensation for services to the recipient to a flat fee of $150.00 flat fee for a 24 hour availability period. True Help's billing for these services is limited to a total of $180.00 per a 24 hour period, which means that the plaintiff, received 83% of the service authorization amount allocated and budgeted for each developmentally disabled recipient. The $30.00 remainder is the fee True Help

4

receives as payment for coordinating the services and invoicing APD for the services rendered to the recipients. Simply stated, True Help is a the conduit to compensate the plaintiff's work as an independent contractor.

A perusal of the agreement include the contractual and legal limitations that restrict (Defendant's discretion) or (the discretion, if any accorded to the Defendant). First, the State Agency has waived or (relinquished/assigned or delegated) its authority to provide these services and True Help is only authorized to act **as an agent** of the said State Agency. True Help is limited by the budget limitations imposed by the Florida Department of Health; i.e., AHCA and APD. These budgetary limitations are the product of the Agency's review and analysis of the developmentally disabled recipients' specific needs to be supplied by the Agency.

Each disabled recipient must be evaluated and approved by the Agency for Persons with Disability, pursuant to which, the Agency will ascertain the extent of support each recipient needs and will be provided. Once evaluated, the APD will establish a budget for each recipient which limits the amounts that can be invoiced to APD by True Help. The provider assigned to the recipient is bound by the same monetary limitations that are listed in the published fee schedules..

In this case in particular, the recipients were limited to 30 units which for purposes of the services that they were approved, each unit (equates) or is a daily rate equivalent of 24 hours of specific services to be provided to two specific recipients. The two recipients in question were authorized by the Agency, and were

allocated a total budget of $180.00 per day ($90.00 each), of which only $150.00 were paid to the Plaintiff. The services provided to the recipients are subject to the terms and conditions of the Service and Authorization Agreement issued by APD. Copies of the Service Authorization Forms are attached hereto as **Exhibit C** incorporated by reference herein.

True Help is called upon to monitor the services provided by each subcontractor (the Plaintiff) to ensure that he/she is operating in accordance with the budgetary restraints imposed by the Florida Health Department. True Help is also called upon to invoice APD for services rendered by each provider. The subcontractor is required is required to generate a daily attendance log, identifying the recipient by name, the particular service provided and the dates on which the services were provided. Examples of the Developmental Disability support plan are attached hereto as composite **Exhibit D**

True Help is then called upon to utilize the daily logs generated by the Plaintiff, to invoice APD for services rendered. In consideration of the coordination and billing services provided by True Help, it is paid $30.00 per day for services rendered to each disabled recipient, which is approximately 28% of the amount previously authorized by APD. Hence, True Help does not have the legal authority to invoice amounts in excess or beyond those budgeted and approved by APD for each recipient. In fact, invoicing APD in excess of the budgetary restraints imposed by the agreement would be tantamount to Medicaid fraud.

Plaintiff in this action is seeking compensation beyond the amount authorized in the budget allocation of the recipient under the premise that True Help is "knowingly, willfully, or with reckless disregard carried out its illegal pattern of procedure of failing to pay proper overtime". Because the sums allocated to each disabled recipient, based on a needs analysis of APD, True Help does not have the legal authority to provide compensation beyond what has been approved by APD for each recipients. Thus, the absence of the State Agency in this litigation will materially reduce the likely-hood that this Court could provide justice for the parties already in the action.

In fact, the amounts demanded by the plaintiff exceed by far the total sums budgeted for each recipient, which can only be authorized by AHCA and/or APD. In the event this court were to find that the plaintiff is entitled to additional compensation for services rendered to the developmentally disabled recipients, such additional compensation must be authorized by the state Agency empowered by law to establish and implement the program in question.

2. **Applicable Law:**

It is well settled in this jurisdiction that the joinder of an indispensable party is mandated when in that party's absence, the court cannot accord complete relief upon existing parties. **(Rule 19 Fed. R. Civ. Proc)**. An absent party is "necessary" when, *inter alia,* the party "claims an interest relating to the subject matter of the action" and is so situated that disposing of the action without joining the absentee

will (I) "as a practical matter impair or impede the person's ability to protect the interest" or (ii) "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations of interest" **Fed. R. Civ. P. 19(a) (1) (B).**

The compulsory joinder rule requires considering certain factors. (1) whether the absentee is a "necessary" party under Rule 19(a) for just adjudication, (2) whether the joinder of a "necessary" party is feasible, and (3) if such joinder is not feasible, whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed" i.e., whether the parties are indispensable to the action. Fed. R. Civ. P. 19(a) & (b). This rule requires a two-fold analysis. "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible".

If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19 (b), the litigation may continue" **Challenge Homes, Inc. Greater Naples Care Ctr. Inc**. **669 F. 2d. 667,669 (11th Cir.1982)** "Compulsory joinder is... mandated when plaintiff's interest in structuring its own case is outweighed by the risk of harm resulting from one of the three factor identified in Rule 19(a); (1) impossibility of complete relief; (2) potential prejudice to the absent party; or (3) potential prejudice to existing litigants" **Alfa Life Inc. Corp. V. Advantage Consulting Grp. Inc., 236 F.D.R. 570, 571 (M.D. Ala. 2006)**

8

In determining whether a person or entity should be joined is feasible under Rule 19(a) "pragmatic concerns, especially the effect on the parties and the litigation, control" **(Challenge Homes, 669 F. 2d. 669)**. In proceeding with its inquiry, into both necessity and indispensability, the court should keep in mind the policies underlying Rule 19, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action and the interest absentees in avoiding the possible prejudicial effect of deciding a case without them." **Action Co.v. Backman Foods, Inc. 668 F. 2d. 76,78 (1st. Cir. 1982)**

### 3. Why Joinder is Essential:

This whole litigation stems from the implementation of the Medicaid Waiver Program intended to serve and assist developmentally disabled Floridians. The Program was established and managed by the **Florida Agency for Healthcare (AHCA)** through the Agency for Persons With Disabilities (APD). Whether each beneficiary is entitled to the services provided by the Agency, this is a determination made by the Agency itself. The amount of services to be provided to each recipient is also determined by the Agency upon an evaluation of the needs of each beneficiary. The amount of services to be given to each recipient is also evaluated by the Agency for Persons with Disability itself. The amount of services to be provided each recipient is also evaluated by the Agency.

In addition, the fees to be paid for services provided to each developmentally

disabled beneficiary, depends on the evaluation of the recipients needs by the State Agency in order to issue the Approved Services Authorization. While the evaluations and authorizations are completed by the State Agency, the rates to be paid to the conduits for the services rendered by the plaintiff, an independent contractor, to the disabled are established by AHCA and implemented by APD. Defendant does not have any input on the amount to be paid for the services provided to the developmentally disabled. In fact, True Help is authorized to provide these services based on the delegated authority it is conferred by the Agency/Principal Relationship memorialized in the "Medicaid Waiver Services Agreement" **(Exhibit A)**.

But for the delegated authority provided to True Help, by APD, True Help would not have the legal authority to coordinate and to invoice the services rendered by the Plaintiff. In fact, the Plaintiff herself, is subject to the State Agency's rules. The fees are published and scheduled by the Agency and are subject to the Florida Medicaid Provider Handbook. A copy of the Services Agreement entered into by the Plaintiff and True Help is attached herewith as **Exhibit "B"** and incorporated by reference herein. Hence, any deviation of the fees scheduled established by the State Agency, can only be authorized by the Agency itself and is beyond the statutory authority afforded to True Help. AHCA is the only entity with authority to deviate from the published fees without whom a complete adjudication from this action is not pragmatic. **Moreover, a ruling that the Plaintiff is entitled to compensation beyond the statutory fees established by the Agency could**

10

**adversely affect the thousands of developmentally disabled Floridians impacted by this lawsuit.**

    4.    **Conference With Counsel**:

In compliance with local rules the undersigned counsel have conferred with counsel to the plaintiff prior to the filing of this motion and memorandum of law. No agreement has been reached on the joinder issue and it is the consensus of the parties that the legal dispute should be brought before this court for resolution.

### III.   CONCLUSION AND PRAYER FOR RELIEF:

**IN VIEW OF THE FOREGOING**, Defendant, True Help Services, Inc., respectfully prays for entry of an Order directing the Joinder of the Florida Agency for Health Administration, through its duly authorized representative, and grant any additional relief this Honorable Court may deem just and proper.

Respectfully submitted this ___30th___ of May, 2019.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to Kimberly De Arcangelis, Esq., Morgan & Morgan, PA, 20 N Orange Ave., 14th Floor, Orlando, FL 32802-4979 via kimd@forthepeople.com   this ___30th___ of May, 2019.

                                                                **L.A. Gonzalez Law Offices, P.A.**
                                                                37 N. Orange Avenue, Suite 500
                                                                Orlando, FL 32801
                                                                Tel. No. (407) 649-8389
                                                                Fax. No. (407) 649-7598

                                                                *s/Luis A. Gonzalez*
                                                                Luis A. Gonzalez, Esq.
                                                                FL Bar No.: 945943
                                                                laglawservice@gmail.com
                                                                Counsel for Defendant

**Law Office of**
**Carlos A. Perez-Irizarry, P.A.**
37 N. Orange Avenue, Suite 500
Orlando, FL 32801

*s/Carlos A. Perez-Irizarry*
Carlos A. Perez-Irizarry, Esq.
FL Bar No.: 861251
Carlos@capilawpa.com
Tel. No. (407) 210-2400
Co-Counsel to Defendant